[Cite as *In re M.S.*, 2013-Ohio-4043.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99563**

---

# IN RE: M.S., JR.
# Minor Child

## [Appeal by M.S., Sr., Father]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 12120496

**BEFORE:** McCormack, J., Stewart, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**FOR APPELLANT**

M.S., Sr., pro se
4460 Sexton Road
Cleveland, OH 44105


**FOR APPELLEE**

L.W., pro se
37887 Birch Lane
Avon, OH 44011

TIM McCORMACK, J.:

{¶1} M.S., Sr., ("Father") appeals from a judgment of the Cuyahoga County Juvenile Court that allocated parental rights and responsibilities regarding his child and gave sole legal custody of the child to the child's mother, L.W. ("Mother"). Because the trial court should have held a hearing pursuant to the requirement of R.C. 3109.04(A) under the circumstances of this case, we reverse and remand the matter for further proceedings consistent with this opinion.

## Substantive Facts and Procedural History

{¶2} Father and Mother have a child together, M.S., Jr., who was born in September 2010. They resided together until December 2012. Anticipating an imminent change in the couple's relationship, Father, pro se, filed an application on December 12, 2012, in the juvenile court for a determination of the custody of their child. In his affidavit, Father stated he has been a part of his son's daily life since he was born. However, the situation between him and the child's mother has changed, but he wishes to remain a part of his son's life regardless of what the future holds for him and the child's mother. Father also indicated he pays $602.15 in child support per month pursuant to a June 2011 administrative order.

{¶3} Shortly after Father filed the application, both Father and Mother moved out of the residence they had shared. The court set a mediation hearing for the custody matter. On January 10, 2013, a mediation took place and both Father and Mother signed a mediation agreement. Four days later, the mediation agreement was filed with the court.

**{¶4}** The mediation agreement provides that Mother has possession of the child on Monday and Tuesday, and Father, on Thursday and Friday. They rotate the possession of the child for Wednesday and the weekend. Mother and Father also rotate the possession of the child for all the holidays and special days, the exception being the child's birthday, which he spends with Father.

**{¶5}** Notably, although Mother and Father share the possession of the child equally, the agreement states Mother shall have sole legal custody, without any explanations.

**{¶6}** Three days after the mediation agreement was filed, on January 17, 2013, the juvenile court journalized a "Mediation Entry," which adopted the agreement as the court's order. The entry stated that the terms of the mediation agreement are in the best interest of the child and it designated Mother to be the custodial and residential parent.

**{¶7}** Father filed, pro se, filed a timely appeal from the judgment.[1] His assignment of error states: "The error lies in the mediation agreement upon which the court order was based. The error in the mediation agreement was that it did not express the appellant's desire for equal residential and legal custody of [M.S. Jr.] between father and mother." Mother did not file an appellee's brief.

---

[1] As an initial matter, we note the juvenile court's entry from which Father appealed from is a final, appealable order, because it involves a ruling in a special proceeding that alters the substantive rights of the parties. *See Genhart v. David*, 7th Dist. Mahoning No. 10 MA 144, 2011-Ohio-6732, ¶ 13-15 (proceedings in juvenile division are special statutory proceedings pursuant to Civ.R. 1(C)(7)), citing R.C. 2505.02 and *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 1994-Ohio-302, 626 N.E.2d 950.

## Statutory Framework: R.C. 3109.04

**{¶8}**  Here, Father's application to determine custody was made pursuant to division (A)(2) of R.C. 2151.23 ("Jurisdiction of Juvenile Court").  That statute authorizes the juvenile court to determine the custody of a child.  When a juvenile court exercises jurisdiction over custody matters pursuant to R.C. 2151.23, it must do so in accordance with R.C. 3109.04.  *In re Poling*, 64 Ohio St.3d 211, 594 N.E.2d 589 (1992) paragraph two of syllabus.  R.C. 2151.23 itself also specifically provides that the juvenile court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04.

**{¶9}**  Therefore, R.C. 3109.04 ("Allocation of parental rights and responsibilities for care of children; shared parenting") guides our review of this case.  In R.C. 3109.04, the General Assembly provides a comprehensive statutory scheme governing allocation of parental rights and responsibilities and custody matters.  Division (A) of the statute outlines the procedure to be followed by the trial court:

(A) In any divorce * * * and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, *upon hearing the testimony of either or both parents and considering any mediation report* filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3127.01 to 3127.53 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children * * *.

{¶10} Pursuant to the statutory scheme, there are two ways for parents to share parental rights and responsibilities. Under one approach, the trial court may allocate the parental rights and responsibilities primarily to one of the parents, and designate that parent as the residential parent and the legal custodian of the child. The non-residential parent's rights and responsibilities include a provision of support for the child and ability to have continuing contact with the child. R.C. 3109.04(A)(1).[2]

{¶11} Under an alternative approach, the parents may request shared parenting. Under shared parenting, the parents share all or some of the aspects of the physical and legal care of their children in the manner provided in the plan approved by the court. R.C. 3109.04(K) and 3109.04(A)(2). When shared parenting is involved, the designation of custodial and residential parent is governed by 3109.04(L)(6). Generally, *each* parent will be designated as residential parent and legal custodian. R.C. 3109.04(L)(6) states:

> Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section

---

[2]R.C. 3109.04(A)(1) states: "(1) If neither parent files a pleading or motion in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children."

and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the "residential parent," the "residential parent and legal custodian," or the "custodial parent" of the child.

{¶12} Furthermore, R.C. 3109.04 sets forth an elaborate procedure regarding how to request shared parenting and how to submit a shared parenting plan for the court's adoption. R.C. 3109.04(D)(1). The statute also provides that the court must review the submitted shared parenting plan and determine if it is in the best interest of the child before approving it. R.C. 3109.04(D)(1)(a)(i)-(iii).

{¶13} Finally, because this case involves unmarried parents, R.C. 3109.042 ("Custody rights of unmarried mother") is also pertinent. That statute states:

An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A *court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation.* (Emphasis added.)

{¶14} With the foregoing statutory framework in mind, we now turn to Father's application requesting a determination of custody.

## Standard of Review

{¶15} We review a trial court's decision in child custody matters under R.C. 3109.04 for an abuse of discretion. *Kinas v. Kinas*, 8th Dist. Cuyahoga No. 98965, 2013-Ohio-3237, ¶ 18. However, while a trial court's discretion in a custody proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04. *Miller v. Miller*, Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶16} Furthermore, in reviewing a custody determination, a reviewing court must "review the record to determine whether there is any evidence in support of the prevailing party." *Sallee v. Sallee*, 142 Ohio App.3d 366, 370, 755 N.E.2d 941 (12th Dist.2001).

## The Necessity of a Hearing in this Case

{¶17} The record in this case is rather slim, essentially consisting of Father's application and the mediation agreement. In anticipation of a change of the relationship between Father and Mother, who were never married, Father applied to the juvenile court, pro se, for a determination of the child's custody. He stated that he has been a part of his son's life since the child was born, and wished to remain in his life regardless of the changed relationship between the child's mother and him. On appeal, he contends the mediation agreement adopted by the trial court did not take into account his desire for equal residential and legal custody of his son.

{¶18} Our review of the mediation agreement shows that the possession of the child is shared equally between Father and Mother. They share equally the possession of the child during the week, over the weekend, and for all the holidays. Thus, although

the parenting plan set forth in the mediation agreement does not designate itself as such, the agreement, for all intents and purposes, reflects a shared parenting plan.

{¶19} However, without any explanation, the agreement designates Mother as having sole legal custody of the child, even though (1) R.C. 3109.04(L)(6) provides that generally each parent under shared parenting is to be designated the residential and custodial parent, and (2) R.C. 3109.042 requires unmarried parents to be treated on equal footing.

{¶20} These circumstances highlight a need for the trial court's independent inquiry. Yet, the trial court, without any analysis, stated summarily in the judgment entry that the terms of the mediation agreement are in the best interest of the child, adopted the agreement as the court order, and designated Mother as custodial and residential parent.

{¶21} As R.C. 3109.04 makes clear, the guiding principle in a custody matter is the best interest of the child. Before allocating parental rights and responsibilities, the trial court is required to determine whether a parenting plan is in the best interest of the child. *In re Docie*, 4th Dist. Athens No. 97CA19, 1998 Ohio App. LEXIS 1203 (Mar. 24, 1998), *11. Pursuant to R.C. 3109.04(A), the trial court is generally required to conduct a hearing, where both parents may testify, before making any allocation of parental rights and responsibilities in accordance with the best interest of the child, unless the allocation of parental rights is uncontested. *Snouffer v. Snouffer*, 87 Ohio App.3d 89, 91, 621 N.E.2d 879 (4th Dist.1993); *Kelm v. Kelm*, 10th Dist. Franklin No. 03AP-472,

2004-Ohio-1004, ¶ 15; *Stroud v. Lyons*, 11th Dist. Ashtabula No. 2002-A-0050, 2003-Ohio-6773, ¶ 31.

{¶22} We recognize that the agreement adopted by the court in this case was the result of a mediation and both Father and Mother appeared to have approved the agreement by signing it. However, our reading of R.C. 3109.04(A) indicates that a hearing may still be required even when a mediation report is filed. The statute states that

> in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, *upon hearing the testimony of either or both parents and considering any mediation report filed* pursuant to section 3109.052 of the Revised Code ["Mediation of differences as to allocation of parental rights and responsibilities"] * * * the court shall allocate the parental rights and responsibilities.* * *

(Emphasis added.)

{¶23} Because a trial court is typically not required to hold a hearing if the shared parenting plan is not contested, we hesitate to fault the trial court for relying on the mediation agreement in its belief that the parental rights allocation in this case was uncontested and in the best interest of the child, and that a hearing was unnecessary. Indeed, Loc.R. 8 of Cuyahoga Court of Common Pleas, Juvenile Division, provides that any agreement reached during mediation shall be binding upon the parties.

{¶24} However, despite the local rule, R.C. 3109.052 ("Mediation of differences as to allocation of parental rights and responsibilities") provides that the court "is not bound by the mediation report and shall consider the best interest of the children when making that allocation or establishing the parenting time schedule." R.C. 3109.052(B).

**{¶25}** In our interpretation of R.C. 3109.04(A), a mediation agreement does not necessarily relieve the obligation of the trial court to hold a hearing to determine if the terms of the agreement are in the best interest of the child. The report resulting from a mediation is only to be considered *along with* the testimony from the parents in the court's best-interest-of-the-child analysis required by R.C. 3109.04. The court's independent inquiry by way of a hearing is especially needed in this case, because there is an apparent inconsistency between what appears to be a shared parenting plan and the designation of Mother as having sole custody of the child. The inconsistency warrants the trial court's scrutiny, because R.C. 3109.04(L)(6) provides for the designation of each parent as a custodial parent under shared parenting, and because R.C. 3109.042 requires unmarried parents to be treated on equal footing.

**{¶26}** Under these circumstances, we believe the trial court was obligated to hold a hearing in this case before it adopted the mediation agreement. Without a hearing, we are unable to review the record to see if the court's best-interest-of-the-child finding is supported by the evidence. *Sallee*, 142 Ohio App.3d 366, 755 N.E.2d 941. Thus, we are compelled to reverse the trial court's judgment and remand for a hearing.

**{¶27}** We recognize that Father — who was unrepresented — did not request a hearing. However, the hearing requirement is "'for the benefit of the children, not the parties, and it can not be waived by the parties.'" *Stroud,* 11th Dist. Ashtabula No. 2002-A-0050, 2003-Ohio-6773, at ¶ 3, quoting *In re Docie*, 4th Dist. Athens No. 97CA19, 1998 Ohio App. LEXIS 1203.

**{¶28}** Upon remand, the trial court is to hold a hearing to determine whether the mediation agreement designating Mother as the sole custodial and residential parent comports with the best interest of the child. The court shall apply the requisite statutory factors set forth in R.C. 3109.04, and take into account the requirement of R.C. 3109.042 that unmarried parents are treated "as standing upon an equality."

**{¶29}** Judgment reversed, and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., and
LARRY A. JONES, SR., J., CONCUR