# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100321

---

## RANDY J. GRIBBLE

PLAINTIFF-APPELLEE

vs.

## NICOLE E. GRIBBLE (N.K.A. MISCONIN)

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-330242

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

[Cite as *Gribble v. Gribble*, 2014-Ohio-1436.]
**ATTORNEY FOR APPELLANT**

Sandra J. Rosenthal
600 Standard Building
1370 Ontario Street
Cleveland, OH    44113


**ATTORNEY FOR APPELLEE**

Thomas A. McCormack
The Superior Building
815 Superior Avenue, Suite 1915
Cleveland, OH    44114

EILEEN A. GALLAGHER, P.J.:

{¶1} Nicole Misconin (f.k.a. Nicole Gribble, hereinafter referred to as "mother") appeals the decision of the Cuyahoga County Common Pleas Court, Domestic Relations Division. Mother argues the trial court erred in restricting her visitation with her son and that the court's decision will further erode the mother-child relationship. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On February 19, 2010, Randy Gribble (hereinafter referred to as "father") filed for divorce. Later that same year, father petitioned the court for a civil protection order, citing to the fact that mother resided with Michael Misconin, a Tier I registered sex offender. The court granted the protection order, and the parties came to an eventual agreement that included a requirement that Mr. Misconin not be left unsupervised with the minor children at any time. The matter proceeded to trial, and the court granted the divorce. Following the divorce, mother married Michael Misconin.

{¶3} On May 18, 2012, father filed a notice of intent to relocate pursuant to R.C. 3109.051(G). Father stated that he had previously worked for National City Bank, which was then purchased by PNC. Father reported that after the purchase, his employment with PNC was on a month-to-month basis and included limited medical coverage. Eventually, PNC offered father full-time employment with complete medical coverage in North Carolina. Father advised mother of the need for him to take the job opportunity and stated that a

parenting plan could be arranged. Father established residency in South Carolina[1] and moved with his children.

{¶4} After father relocated, mother filed the following motions: motion to terminate shared parenting agreement, motion to modify parental rights and responsibilities, motion to establish child support, motion for make-up visitation time, motion for temporary restraining order, motion to return minor children, motion for temporary restraining order and motion to show cause for failure to comply with shared parenting plan. At the time of these motions, two of the parties' three children were minors; however, only R.G. remained unemancipated at the time of the court's hearing.

{¶5} The trial court conducted a hearing, during which mother proceeded without counsel. The court heard the testimony of both mother and father and issued its decision granting mother's motion to terminate shared parenting, dismissing mother's motion to establish child support as moot and denying the remainder of mother's motions. In terminating shared parenting, the trial court looked to the factors enumerated in R.C. 3109.04(F)(1) and determined that father should be deemed the residential parent and legal custodian of the minor child. The court concluded that it was not in the best interest of the

---

[1]While father's job is in North Carolina, he resides in South Carolina on the border between the two states.

child for the mother to be the residential parent and denied the remainder of mother's motions.

{¶6} Mother appeals, raising the following assignment of error:

The trial court erred in restricting mother's visitation with her son in a way that would further erode the mother-child relationship.

{¶7} In her assigned error, Mother argues that the trial court abused its discretion in failing to set a definite period of time within which the minor child would visit with mother and in requiring that the minor child stay with his paternal grandparents when visiting his mother in state. We find no merit to mother's arguments.

{¶8} R.C. 3109.04 provides a comprehensive statutory scheme governing the allocation of parental rights and responsibilities and custody matters. Pursuant to the statutory guidelines, there are two ways for parents to share parental rights. *In re M.S., Jr.,* 8th Dist. Cuyahoga No. 99563, 2013-Ohio-4043. Under the first approach, the trial court may allocate the parental rights and responsibilities primarily to one of the parents and designate that parent as the residential parent and legal custodian of the child. *In re M.S., Jr.* If the court chooses this approach, it must provide the nonresidential parent with support provisions and an ability to have continuing contact with the child. R.C. 3109.04(A)(1). Under the alternative approach, the parties may request shared parenting, which requires the

court to conduct an in-depth analysis of the best interests of the child and whether the shared parenting plan conforms to those interests. R.C. 3109.04(F)(1).

{¶9} We review a trial court's decision in child custody matters under R.C. 3109.04 for an abuse of discretion. *Kinas v. Kinas*, 8th Dist. Cuyahoga No. 98965, 2013-Ohio-3237. "However, while a trial court's discretion in a custody proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04." *In re M.S., Jr.*

{¶10} In the present case, the parties maintained shared parenting. However, after father moved out of state with the minor child, mother requested a termination of shared parenting and the court agreed. The court then shifted its child-custody approach and designated father as the residential parent and legal custodian of the minor. The court outlined mother's support obligations, which had not changed from the entry of divorce and further, set a visitation schedule for mother's continued contact with the child.

{¶11} In terminating the parties' shared parenting order, the court weighed several factors in determining the best interest of the parties' minor child. Primarily, the court noted that the parties resided in two different states with a difference of greater than 500 miles between their residences. The court also concluded that mother failed to demonstrate that she had a stable, loving relationship with the minor child and reviewed the mother's communication issues with both the minor child and father. The court determined that the minor child had adjusted to his home, school and community in South Carolina and that he

liked his high school and had made friends. The court also found that while both parents loved and cared for the minor child, it could not overlook Mr. Misconin's criminal history and sex offender status. The court noted mother's unwillingness to accept the fact that Mr. Misconin committed criminal acts and thus, could not "fathom how the minor child would be safe in that environment, especially in an overnight capacity."

{¶12} Further, in setting forth the ongoing visitation between mother and the minor child, the court considered the distance between the parents, the best interest of the minor child as outlined above, and the realities of Mr. Misconin's criminal past.

{¶13} We find no error with the trial court's actions. The court clearly followed the guidelines of R.C. 3109.04 in terminating the shared parenting agreement and in structuring future custody between the parties. As R.C. 3109.04 makes clear, the guiding principle in a custody matter is the best interest of the child. The trial court restructured and formulated the parties' custodial arrangements with the minor child's best interest in mind. Although mother takes issue with the amount of time and manner in which she may visit with her child, the court did not commit reversible error in its judgment.

{¶14} Mother's sole assignment of error is overruled.

{¶15} We therefore affirm the judgment of the trial court.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR

[Cite as *Gribble v. Gribble*, 2014-Ohio-1436.]