[Cite as *In re A.B.M.*, 2020-Ohio-3590.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| IN RE A.B.M. | : | |
|  | : | No. 108440 |
| A Minor Child | : | |
|  | : | |
| [Appeal by Father, T.M.] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-16-117933

***Appearances:***

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

The Law Office of Eric J. Cherry and Eric J. Cherry, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Appellant T.M., the established father ("Father") of minor child A.B.M., appeals the March 12, 2019 judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, arising from a custody action. For the reasons stated herein, we affirm.

## I. Background and Facts

{¶ 2} This court recently issued an opinion in *In re A.B.M.*, 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183 ("*A.B.M. I*"). In that case, Father appealed the August 20, 2018 judgment entry ("Parenting Order") that determined the parental rights of Father and M.R. ("Mother"), the single mother of A.B.M. Excerpts of the opinion that are pertinent to the current appeal are included below.

> A.B.M. was born to [Mother] * * * shortly after Mother's high school graduation. Father was also a recent high school graduate. On March 11, 2014, Father was established as the biological father by the Cuyahoga County Department of Job and Family Services ("CCDJFS"). The parties never married but lived together sporadically.

*Id.* at ¶ 2.

{¶ 3} Father moved to Florida in January 2015, Mother and A.B.M. followed shortly afterward. After several moves between Florida and Ohio,

> Father decided to remain in Ohio. Mother decided to remain in Florida. On December 12, 2016, Father filed an application to determine custody of A.B.M. and a motion to restrain Mother from returning to Florida after Mother's visit to Ohio. Father alleged that Mother: (1) was unable to provide stable living conditions, (2) had not maintained stable employment for more than three months in the past two years, and (3) A.B.M., who was four years of age at the time, had not been in a structured school environment.
>
> The trial court granted the ex parte motion filed by Father on March 17, 2017, to restrain Mother from returning to Florida where she and A.B.M. were residing. An interim parenting order was issued governing visitation.

*Id.* at ¶ 3-4.

{¶ 4} At the April 25, 2018 hearing, the trial court heard testimony from Father, Mother, the maternal grandmother, and the guardian ad litem. Mother

testified that she became engaged and gave birth to her fiancé's child while in Florida. She planned to return to Florida with A.B.M. if the trial court allowed.

> The trial court awarded equal parenting time to Father and Mother, designated each parent as the legal custodian and residential parent during their respective parenting times, and designated Mother as residential parent for school purposes. Father was ordered to pay child support of $214.47 per month and was also required to provide health insurance. The trial court also set forth parenting time in the event the Mother chose to move to Florida after filing a notice of intent to relocate.

*Id.* at ¶ 34.

**{¶ 5}** This court addressed Father's opposition to the relocation decision:

> Father challenges the trial court's finding that "[s]hould mother choose to move to Florida and upon the filing of a notice of intent to relocate, Father shall have the standard long-distance parenting time." Journal entry No. 0911440943, page 2. Father asserts that the trial court failed to determine that relocating was in the child's best interest and the court did not consider the costs associated with the standard long-distance parenting schedule.

*In re A.B.M.,* 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183, at ¶ 52.

**{¶ 6}** This court decided

> The trial court's requirement that Mother file a notice of intent to relocate does not negate the right of Father to oppose the notice based on appropriate grounds. *See, e.g., In re R.N.,* 8th Dist. Cuyahoga No. 87027, 2006-Ohio-4266, ¶ 11 (relocation alone does not constitute changed circumstances justifying a parenting modification). Based on the evidence before us and the presumption afforded by the absence of findings of fact [in this case], we cannot say that the trial court abused its discretion in determining that the relocation is in the child's best interest.

*Id.* at ¶ 56.

**{¶ 7}** Finally, this court concluded that "there is competent, credible evidence supporting our determination that the conclusion of the trial court is in the

child's best interest." *Id.* at ¶ 57, citing *In re A.M.S.*, 8th Dist. Cuyahoga No. 98384, 2012-Ohio-5078, ¶ 18, and *In re L.S.*, 152 Ohio App.3d 500, 2003-Ohio-2045, 788 N.E.2d 696 (8th Dist.).

{¶ 8} The *A.B.M. I* opinion was released and journalized on August 8, 2019. Postjudgment and prior to the release of *A.B.M. I,* the trial court denied Father's motion to stay execution of the Parenting Order pending appeal in *A.B.M. I.* On September 21, 2018, this court denied Father's stay request, and on October 9, 2018, Father again asked the trial court to stay execution of the Parenting Order to preempt Mother's anticipated relocation filing.

{¶ 9} Mother filed the relocation notice on October 10, 2018, and immediately relocated to Florida with A.B.M. Sua sponte, on October 12, 2018, the trial court issued an order restraining the relocation and granted temporary custody of A.B.M. to Father pursuant to Juv.R. 13 ("Restraining Order"). The same date, Mother moved to vacate the Restraining Order on the ground that the Parenting Order provided that Mother could relocate upon filing a notice to relocate, and it set forth the long-distance visitation schedule in the event of relocation. Mother also provided evidence of employment and, subsequently, housing and school enrollment.

{¶ 10} On October 17, 2018, Father demanded attorney fees and litigation expenses in his request that Mother be held in contempt for violating the Parenting Order and the Restraining Order. Mother filed for temporary custody on November 13, 2018. On November 27, 2018, Father opposed the motion and

advised that documentation had been filed in Florida and a hearing was scheduled to register the temporary custody order for enforcement.

{¶ 11} Mother allowed A.B.M. to return to Ohio with Father during the Christmas break with the understanding he would deliver A.B.M. to Mother at the January 2019 hearing on the pending motions. Upon his return to Ohio, Father notified Mother that A.B.M. would remain with Father due to the temporary custody award.

{¶ 12} The January hearing was rescheduled to March 8, 2019. This court denied Father's March 4, 2019 renewed emergency motion to stay the Parenting Order pursuant to App.R. 7(A). A stay was currently pending in the trial court and this court did "not find it impracticable" for Father to "wait for the trial court to rule on the pending motion to stay." Journal entry No. 0912094958 (Mar. 6, 2019).

{¶ 13} The hearing proceeded on March 8, 2019. On March 12, 2019, the trial court issued a decision. The trial court determined that "based on the facts that have arisen since the filing of the final judgment entry and that were known to the Court at the time" of the original entry, "no change of circumstance has occurred necessitating a modification of the Court's order to serve the best interests of the child." *Id.* "The Court's prior order shall remain in full force and effect pending appeal, including the Court's order for long distance parenting, holiday and vacation time as applicable." *Id.*

{¶ 14} The trial court denied Father's motions to stay execution of the Parenting Order and for child support, and to be designated residential parent.

Father's motion to return the child to the court's jurisdiction was denied as moot. The trial court granted Mother's motion to vacate the Restraining Order that contained the grant of temporary custody to Father, which rendered Mother's motion for temporary custody moot. The trial court also dismissed sua sponte Father's motion to show cause for violating the Parenting Order and Restraining Order.

{¶ 15} Father appeals.

## II. Assignments of Error

{¶ 16} Father assigns three errors:

I. The trial court was without jurisdiction to proceed upon Mother's notice of intent to relocate during the pendency of Father's appeal.

II. The trial court erred as a matter of law and abused its discretion by granting Mother's notice of intent to relocate.

III. The trial court erred as a matter of law and abused its discretion by sua sponte dismissing Father's motions to show cause and motion for attorney fees and litigation expenses.

## III. Discussion

### A. Jurisdiction and Ruling

{¶ 17} We combine the first and second assigned errors for ease of analysis. We find that the errors lack merit.

{¶ 18} The legislature granted jurisdiction to the juvenile and domestic relation courts to determine the parent-child relationship. *In re A.M.S.*, 8th Dist. Cuyahoga No. 107495, 2019-Ohio-3181, ¶ 16, citing *In re C.W.*, 9th Dist. Lorain Nos. 16CA011044, 17CA011162, and 17CA011165, 2018-Ohio-5265, ¶ 22. Domestic

relations courts allocate parental rights relating to divorce, dissolution, and related actions. R.C. 3109.04(A). The juvenile court has exclusive jurisdiction to determine custody of a child who is not the ward of any other court in Ohio under R.C. 2151.23(A), but the court must exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04. *See* R.C. 2151.23(F)(1), *In re Bonfield*, 97 Ohio St.3d 387, 780 N.E.2d 241 (2002).

{¶ 19} Both courts are authorized to make custody matter determinations guided by R.C. 3109.04 entitled "[a]llocation of parental rights and responsibilities for care of children; shared parenting." *Id.* "As R.C. 3109.04 makes clear, the guiding principle in a custody matter is the best interest of the child." *In re M.S.,* 8th Dist. Cuyahoga No. 99563, 2013-Ohio-4043, ¶ 21. "Before allocating parental rights and responsibilities, the trial court is required to determine whether a parenting plan is in the best interest of the child." *Id*. "The ultimate goal of R.C. 3109.04 is to arrive at a decision that is in the best interests of the child." *Id*.

{¶ 20} This court must consider that

> [w]hen reviewing a ruling pertaining to the allocation of parental rights, the trial court is to be afforded great deference. *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." *Id*. at 74 (internal citations omitted).

*Strauss v. Strauss*, 8th Dist. Cuyahoga No. 95377, 2011-Ohio-3831, ¶ 8.

{¶ 21} "An appellate court must uphold the trial court's allocation of parental rights and responsibilities absent an abuse of discretion, which implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Id.* at ¶ 9, citing *Mason v. Mason*, 8th Dist. Cuyahoga No. 80368, 2002-Ohio-6042, citing *Masters v. Masters,* 69 Ohio St.3d 83, 630 N.E.2d 665 (1994). Accordingly, absent a clear showing of an abuse of discretion, we will not reverse the trial court's judgment. *Id.*

{¶ 22} In this case, the juvenile court was vested with original jurisdiction by the parentage action that established Father's paternity. Father now challenges the trial court's jurisdiction to entertain the Father's objections to relocation pending the appeal in *A.B.M. I.* Father argues that the proceedings should have been stayed pending appeal because Father argued in *A.B.M. I* that the residential parent and relocation determinations in the Parenting Order are not in the child's best interest. This, Father argued, rendered the proceedings below void due to lack of jurisdiction.

{¶ 23} Generally,

[o]nce an appeal has been filed, the trial court loses jurisdiction "except to take action in aid of the appeal." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). The trial court retains jurisdiction only over issues not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment, such as collateral issues like contempt or appointment of a receiver. *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 146, 637 N.E.2d 890 (1994). Furthermore, "the determination as to the appropriateness of an appeal lies solely with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

*In re Adoption of C.P.F.,* 8th Dist. Cuyahoga Nos. 101147 and 101148, 2014-Ohio-4479, ¶ 16.

{¶ 24} The trial court determined the best interests of the child in the Parenting Order where it designated Mother as the residential parent for school purposes and stated: "'[s]hould mother choose to move to Florida and upon the filing of a Notice of Intent to relocate, father shall have to [sic] the standard long-distance parenting time.'" *In re A.B.M.*, 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183, at ¶ 52, quoting journal entry No. 0911440943, page 2. The entry did not specify that relocation could not take place until the 30-day objection period applicable to notices of intent expired. Mother argued at the hearing that her reliance on the express language of the Parenting Order is reasonable.

{¶ 25} Mother filed the notice to relocate and departed. The trial court issued a sua sponte restraining order that directed that the child return to the jurisdiction and granted temporary custody to Father pending expiration of the 30-day relocation period and any objections posed by Father. Mother filed a motion to vacate the restraining and temporary custody order. Father objected to the relocation and argued that it was not in the best interest of the child. Father also moved to return the child to Ohio, be designated residential parent, and hold mother in contempt for violating the judgment and for attorney fees.

{¶ 26} "A trial court has authority to enforce its judgments in the absence of an order staying execution." *White v. White*, 50 Ohio App.2d 263, 272, 362 N.E.2d 1013 (8th Dist.1977). "[T]he mere filing of a notice of appeal without a stay order

does not deprive the trial court of authority to enforce its judgment." *Id.*, citing *In re Kurtzhalz*, 141 Ohio St. 432, 48 N.E.2d 657 (1973); *Vavrina v. Greczanik*, 40 Ohio App.2d 129, 318 N.E.2d 408 (8th Dist.1974); *Rippel v. Rippel*, 328 N.E.2d 816 (8th Dist.1974).

{¶ 27} In other words, "'[a]n order issued by a court with jurisdiction must be obeyed until reversed by proper procedure.'" *Ruschel v. Nestle Holdings, Inc.*, 8th Dist. Cuyahoga Nos. 89977 and 90500, 2008-Ohio-2035, ¶ 53, quoting *Strong v. Bauman*, 2d Dist. Montgomery Nos. 17256 and 17414, 1999 Ohio App. LEXIS 2272, *16 (May 21, 1999). The trial court's "'retained jurisdiction includes the authority to take any action which would aid in the execution of the appealed judgment.'" *Trumbull Twp. Bd. of Trustees v. Rickard*, 11th Dist. Ashtabula No. 2017-A-0048, 2019-Ohio-2502, ¶ 21, quoting *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983).

{¶ 28} The trial court also disclosed that the sua sponte restraining order was issued to "maintain the status quo." (Tr. 37.) "I ordered the temporary custody order to do my best to maintain the status quo, because it wasn't done properly. The 30 days did not have a chance to transpire." (Tr. 122.) "There's a theory in the law where you use" "restraining orders to keep something from deteriorating to the point where you can't repair it * * *. Maintain the status quo." (Tr. 122-123.) The trial court added that the purpose of the notice of intent hearing was to allow the parties to be heard, "[b]ut to be heard doesn't mean to change." (Tr. 122.)

**{¶ 29}** The trial court addressed Father's objections. R.C. 3109.051(G) provides, "[i]f the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree." R.C. 3109.051(G)(1). Upon motion by the court or the nonresidential parent, "the court * * * may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child." *Id.*

**{¶ 30}** R.C. 3109.051(G) contemplates a modification of the "parenting time schedule" due to the relocation and not readjudication of the propriety of the relocation. As this court noted in *A.B.M. I*, the Parenting Order's relocation provision "does not negate the right of Father to oppose the notice based on appropriate grounds." *In re A.B.M.*, 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183, at ¶ 56.

**{¶ 31}** "'A parent has a constitutional right to live anywhere in the country that she chooses and to relocate at will.'" *Id.* at ¶ 53, quoting *Valentyne v. Ceccacci*, 8th Dist. Cuyahoga No. 83725, 2004-Ohio-4240, ¶ 47, citing *Miller v. Miller*, 3d Dist. Henry No. 7-03-09, 2004-Ohio-2358. R.C. 3109.051 "simply permits a court to adjust visitation rights in light of the relocation." *Ross v. Ross*, 9th Dist. Summit No. 26106, 2012-Ohio-2175, ¶ 7. A trial court may then consider the factors in R.C. 3109.051(D) and "'determine visitation that is in the best interest of the child.'"

*Morrow v. Becker*, 9th Dist. Medina No. 07CA0054-M, 2008-Ohio-155, ¶ 11, quoting *Braatz v. Braatz*, 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (1999).

{¶ 32} The record and the judgment entry reflect consideration of the requisite R.C. 3109.051(D) factors.

> The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity of the child;
>
> The geographical location of the residence of each parent and the distance between those residences;
>
> The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedules;
>
> The age of the child;
>
> The child's adjustment to home, school, and community;
>
> The amount of time that will be available for the child to spend with siblings;
>
> Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights;
>
> Whether either parent has established a residence or is planning to establish a residence outside this state; Mother has established a new residence in Palmetto, Florida.

Journal entry No. 0911440943, p. 1-2.

{¶ 33} The trial court considered the best interest of A.B.M. in the Parenting Order. Father's objections are limited in scope to a revision of the visitation schedule. Mother provided evidence of employment, housing, and school enrollment for A.B.M. The trial court heard testimony from the parties and reiterated that "based on the evidence presented in its totality, mother has

demonstrated that it is in the child's best interest to relocate with her mother and sister." (Tr. 127.)

{¶ 34} "[B]ased on the facts that have arisen since the filing of the final judgment entry and that were known to the Court at the time" of the original entry, "no change of circumstance has occurred necessitating a modification of the Court's order to serve the best interests of the child." Journal entry No. 0912112894 (Mar. 13, 2019), p. 1. "The Court's prior order shall remain in full force and effect pending appeal, including the Court's order for long distance parenting, holiday and vacation time as applicable." *Id.*

{¶ 35} The trial court also considered whether Father's objections constituted a request for modification of the Parenting Order based on a change of circumstance. The trial court explained that the Parenting Order encompasses consideration of Mother's relocation to Florida as a change of circumstance and offered that modification of the Parenting Order would be improvident while the appeal is pending.

{¶ 36} Specifically, the trial court stated:

the Court having anticipated various changes of circumstances in its original order, including that the parents may parent one way or share in their parenting or be allocated certain parenting rights and responsibilities when in the same locale, but should that locale change and there would be more distance, as anticipated, that one would be in Ohio and one would be in Florida, that the allocation would then change to the alternative methodology, that no change of circumstance has been demonstrated to, *and I believe that the Court is, to some extent, prohibited from impacting that as the Court — as the case remains on appeal.*

(Emphasis added.) (Tr. 127-128.)

{¶ 37} Thus, the record reflects that the trial court was cognizant of the pending appeal as acknowledged on the record and in the final judgment entry:

> The Court's Parenting order is currently on appeal to the 8th Judicial Appellate District and includes an assignment of error related to the Court's order for long distance parenting time for father should mother move from the jurisdiction.

Journal entry No. 0912112894 (Mar. 13, 2019), p. 1.

{¶ 38} We find that the trial court had jurisdiction to enforce the Parenting Order in this case in the absence of a stay of execution pending the appeal, and that the trial court's denial of Father's objections did not constitute an abuse of discretion. The trial court effectively maintained the status quo and all parties were in the same position prior to and after the trial court's proceedings pending appeal. Assuming arguendo that any error exists, the error is harmless under the unique facts of this case because this court affirmed the Parenting Order determination in *In re A.B.M.*, 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183. *See Doe v. Rupp*, 8th Dist. Cuyahoga Nos. 71938 and 72966, 1998 Ohio App. LEXIS 292, at 17 (Jan. 29, 1998).

{¶ 39} The first and second assigned errors lack merit. Our determination that the trial court had jurisdiction moots the alternative argument posed by appellant that jurisdiction is afforded by Civ.R. 75(H).

**B. Show Cause, Attorney Fees, and Litigation Expenses**

{¶ 40} The third assigned error challenges the trial court's dismissal of the motion to show cause and for attorney fees and litigation expenses. We find that appellant's argument is without merit.

{¶ 41} Mother filed the notice of intent to relocate on October 10, 2018, and promptly departed. On October 12, 2018, the trial issued a sua sponte order that restrained Mother from removing the child from the trial court's jurisdiction and granted temporary custody to Father "pending expiration of the thirty (30) days related to the Notice of Intent, should father object and request a hearing before the Court upon the location of the child through another state." Journal entry No. 0912112894 (Mar. 12, 2019).

{¶ 42} Also, on October 12, 2018, Mother filed a motion to vacate the trial court's sua sponte order based on the express language of the July 2018 Parenting Order. The Parenting Order provides that "[s]hould mother choose to move to Florida and upon the filing of a Notice of Intent to relocate, father shall have to [sic] the standard long-distance parenting time." Mother explained that the Parenting Order did not specify that relocation could not take place until the 30-day objection period expired and that her reliance on the express language of the Parenting Order was reasonable.

{¶ 43} On October 17, 2018,[1] Father filed a motion to show cause and for attorney fees and costs claiming Mother improperly removed the child from the trial court's jurisdiction in violation of the July 31, 2018 and October 12, 2018 trial court entries.

{¶ 44} The trial court ruled that Mother's "motion to vacate the restraining order is granted, and the Court's prior order restraining the mother from removing/relocating the child from the jurisdiction of the court and for temporary custody to father is vacated and held for naught." Journal entry No. 0912112894 (Mar. 12, 2019), p. 2. "The Court, sua sponte, dismisses father's motion to show cause and for attorney fees and litigation expenses." *Id.*

{¶ 45} In addition, the trial court stated at the hearing, "[w]ith regard to the motions to show cause, I'm going to dismiss those sua sponte because I am trying to get you all just to follow the rules." (Tr. 128.) The trial court also pointed out that the child had been in the Father's custody from December 2018 to March 2019.

{¶ 46} "With respect to a trial court's decision on a motion to show cause why a party should not be held in contempt, an appellate court cannot reverse unless the trial court abused its discretion." *Baxter v. Thomas,* 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 78, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 417 N.E.2d 1249 (1981). "'A refusal to punish for contempt is largely within the discretion of the trial court'" where the "'contempt proceedings are invoked

---

[1] The time-stamp on the motion is dated October 17, 2018, the certificate of service is dated October 11, 2018, and the affidavit attached as an exhibit to the motion is dated October 15, 2018.

solely by the person aggrieved by disobedience of the court's order.'" *Id.*, quoting *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 Ohio App. LEXIS 59, *2 (Jan. 10, 1990). "An abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 47} Mother testified that she willingly allowed A.B.M. to return to Ohio with Father during the winter break in accord with the long-distance visitation schedule. "I really wanted her to spend time with her dad. As much as I want her to spend time with me, she also needs to spend time with her dad." (Tr. 27.) The trial court also pointed out that A.B.M. was in Father's custody from December 2018, to March 2019.

{¶ 48} Father has been afforded due process. The parties addressed Father's objections, relocation, visitation, and attendant circumstances at the hearing. Father's motion to show cause arises from the relocation that Father argued violated the sua sponte restraining order and the Parenting Order. However, the trial court declared that the restraining order was vacated and held for naught.

{¶ 49} Based on the foregoing, we do not find that the trial court abused its discretion by dismissing the motion for contempt, attorney fees, and costs. The third assigned error also lacks merit.

{¶ 50} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR